UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAOMING HONGYE AQUATIC
PRODUCTS CO., LTD.

    Plaintiff,

v.

SLADE GORTON & CO., INC.

    Defendant.
_____/

CASE NO. 25-12803

## COMPLAINT

Plaintiff, MAOMING HONGYE AQUATIC PRODUCTS CO., LTD. ("Maoming Hongye"), through undersigned counsel, sues Defendant SLADE GORTON & CO., INC. ("Slade Gorton"), and alleges the following:

## NATURE OF THE ACTION

This is an action for breach of contract and goods sold regarding a contract governed by the Convention on the International Sale of Goods ("CISG") between Plaintiff, an exporter of seafood located in China, and Defendant, an importer and distributor of seafood in the United States. In 2024, Maoming Hongye shipped via ocean freight 5 shipping containers containing Tilapia to Slade Gorton at the port of Boston. Slade Gorton received and accepted the shipments of Tilapia, but failed to remit payment to Maoming Hongye for those goods to the accounts for which wire instructions were sent by Maoming Hongye to Slade Gorton. The failure by Slade Gorton to pay Maoming for the Tilapia is a fundamental breach of contract under the CISG, entitling Maoming Hongye to a judgment for damages against Slade Gorton for the contract value of the 5 containers of the Tilapia plus prepaid freight totaling $495,920.00.

## PARTIES

1. Maoming Hongye Aquatic Products Co. Ltd. is a limited liability corporation organized under the laws of the People's Republic of China with its offices in Maoming City, Guangdong, China. Maoming Hongye is an exporter and distributor of seafood and has been in business for 11 years.

2. Slade Gorton & Co., Inc. is a corporation organized under the laws of Massachusetts with offices located in Boston Massachusetts, Waltham, Massachusetts and Dania Beach, Florida. Slade Gorton is an importer and distributor of fresh and frozen seafood supplying retailers, distributors and seafood operators in North America.

## JURISDICTION AND VENUE

3. This is a civil action invoking the diversity jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1332(a)(2) as it is between a Plaintiff a corporation who is a citizen or subject of a foreign state, the People's Republic of China, and the Defendant, a corporation who is a citizen of the State of Massachusetts, having been organized and domiciled in the State of Massachusetts. The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. In addition, as an alternative source of jurisdiction, pursuant to 28 U.S.C. Sec. 1331 this Court has jurisdiction over this action because it is arising under a U.S. treaty providing a private cause of action, namely the Convention on the International Sale of Goods ("CISG").

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. Sec. 1391(b)(1) as the Defendant is a resident of this District. In addition, a substantial part of the events or omissions giving rise to the claim occurred in the District of Massachusetts.

## FACTS

6. In 2024, Maoming Hongye exported approximately 800 shipping containers of seafood from China to customers around the world. Maoming Hongye provides seafood to the main suppliers of food distributors and retailers such as Sysco and Walmart, along with supermarket chains in the United States.

7. Maoming Hongye and Slade Gorton had done business with each other about 3 years, with Maoming Hongye exporting various seafood to Slade Gorton from China, which was received and accepted by Slade Gorton in the United States, and for which payment was made to Maoming Hongye.

8. During the time they have done business, their transactions in the normal course would involve Maoming Hongye issuing a proforma invoice to Slade Gorton, then receiving a purchase order from Slade Gorton, and upon shipment from China via ocean freight Maoming Hongye would issue its commercial invoice, including banking information and a packing list to Slade Gorton. Incoterms were usually CNF Boston, which included freight prepaid by Maoming Hongye. Slade Gorton would pay Maoming Hongye for the shipments upon their inspection and release by the U.S. Food and Drug Administration in Boston.

9. In 2024, in conformity with the usual manner in which the parties did business, Maoming Hongye issued proforma invoices and received purchase orders from Slade Gorton cumulatively for 126,000 gross kilos of frozen Tilapia fillets. See purchase orders Nos. 4500307859, 4500308596, 4500309006, 4500309007 and 4500309860 attached as Exhibit 1. Maoming Hongye sent 5 shipping containers containing the ordered frozen Tilapia via prepaid ocean freight and consigned to Slade Gorton to the port of Boston. Those shipments are reflected in Maoming Hongye commercial invoices Nos. 4500307859, 4500308596,

4500309006, 4500309007 and 4500309860, including their corresponding bills of lading, freight invoices and packing lists, copies of which are attached as Exhibit 2.

10. Each of Maoming Hongye's commercial invoices contained banking instructions for where payment by wire transfer for the frozen Tilapia was to be made to Maoming Hongye.

11. Slade Gorton received and accepted the shipments of frozen Tilapia from Maoming Hongye alleged in paragraph 9.

12. Maoming Hongye never received payment from Slade Gorton for the 5 container loads of frozen Tilapia that it received and accepted. The bank accounts indicated in Maoming Hongye's payment instructions in its commercial invoices to Slade Gorton never received any funds from Slade Gorton for those shipments.

13. When Maoming Hongye demanded payment from Slade Gorton after not receiving payment in accordance with agreed upon terms, Slade Gorton asserted to Maoming Hongye that it made payments to some other bank account, not listed on Maoming Hongye's commercial invoices and not affiliated or connected in any way with Maoming Hongye, due to email communications it stated it had received from Maoming Hongye. Maoming Hongye never sent any such email communications to Slade Gorton deviating from the banking instructions contained in Maoming Hongye's commercial invoices for the 5 containers.

14. Maoming Hongye has not had any issues with any other of its U.S. customers regarding the sending or receipt of erroneous or fraudulent banking or payment information from Maoming Hongye to its customers, or payment to allegedly fraudulent bank accounts. This is the first time any allegation of fraudulent payment instructions has ever been raised by any of Maoming Hongye's customers as a reason for non-payment.

15. Maoming Hongye maintains robust cybersecurity procedures and security and has written cybersecurity procedures that prevent fraudulent activity. Its systems are maintained regularly in accordance with its cybersecurity and security procedures.

16. In addition to Slade Gorton stating to Maoming Hongye that it paid funds to a Maoming Hongye bank account that is fraudulent, in that it is not a Maoming Hongye account nor was it communicated to Slade Gorton by Maoming Hongye, Slade Gorton also provided Maoming Hongye with a purported wire confirmation from M&T Bank in the United States to a Maoming Hongye account ending in 3100 in the sum of $101,200.00 on August 15, 2024. That alleged wire to that account was never received by the Maoming Hongye account ending in 3100 identified in that wire confirmation from Slade Gorton and Maoming Hongye has reason to believe that the confirmation and email communication from Slade Gorton containing it are fraudulent. Slade Gorton also claimed to have made payments for the 5 containers to a bank account located in Indonesia in the name of a different company. Maoming Hongye never received any of these funds.

17. As of the date of the filing of this Complaint, Maoming Hongye has not received any funds for the five containers of frozen Tilapia from Slade Gorton.

18. All conditions precedent to bringing this action have been performed, or otherwise excused.

## COUNT I

**Breach of Contract under the CISG**
**Purchase Order no. 4500308596**

19. Plaintiff realleges paragraphs 1-18 above as if fully set forth and incorporated herein.

20. The People's Republic of China and the United States are parties to the CISG, which governs the international sale of goods between the two countries. The CISG is a treaty

ratified in 1988 and thus is the law of the United States and the State of Massachusetts pursuant to Supremacy Clause of the Federal Constitution, Art. VI, Clause 2.

21. There exists a valid and enforceable contract for the sale of goods under CISG Articles 14 and 18 between Maoming Hongye and Slade Gorton, formed by the purchase order and commercial invoice and other documents, that contains both definite and certain terms, namely description of goods, quantities ordered, price, Incoterms and terms of payment.

22. Plaintiff Maoming Hongye performed under the contract by accepting Slade Gorton's purchase order no. 4500308596, shipping and delivering the frozen Tilapia ordered by Slade Gorton in that purchase order to Slade Gorton in Boston. Slade Gorton accepted the frozen Tilapia.

23. Defendant Slade Gorton breached the contract under Articles 53, 54 and 59 of the CISG by failing to pay Maoming Hongye the purchase price of the frozen Tilapia for which it accepted delivery in Boston. The breach of contract was a fundamental breach within the meaning of the CISG.

24. As a result of Slade Gorton's breach of contract, Maoming Hongye has been damaged pursuant to Articles 59 and 74 of the CISG in the sum of $101,200.00 representing the commercial invoice value of order no. 4500308596, CNF Boston.

WHEREFORE, Plaintiff Maoming Hongye demands judgment for damages plus costs, prejudgment interest and whatever other relief the Court deems just and proper.

### COUNT II
**Breach of Contract under the CISG**
**Purchase Order no. 4500307859**

25. Plaintiff realleges paragraphs 1-18, 20 and 21 above as if fully set forth and incorporated herein.

26. Plaintiff Maoming Hongye performed under the contract by accepting Slade Gorton's purchase order no. 4500307859, shipping and delivering the frozen Tilapia ordered by Slade Gorton in purchase order to Slade Gorton in Boston. Slade Gorton accepted the frozen Tilapia.

27. Defendant Slade Gorton breached the contract under Articles 53, 54 and 59 of the CISG by failing to pay Maoming Hongye the purchase price of the frozen Tilapia for which it accepted delivery in Boston. The breach of contract was a fundamental breach within the meaning of the CISG.

28. As a result of Slade Gorton's breach of contract, Maoming Hongye has been damaged pursuant to Articles 59 and 74 of the CISG in the sum of $89,720.00 representing the FOB Zhanjiang, China, commercial invoice value of order no. 4500307859, plus $5,900 in prepaid ocean freight charges, totaling $95,620.00.

WHEREFORE, Plaintiff Maoming Hongye demands judgment for damages plus costs, prejudgment interest and whatever other relief the Court deems just and proper.

## COUNT III

### Breach of Contract under the CISG
### Purchase Order no. 4500309006

29. Plaintiff realleges paragraphs 1-18, 20 and 21 above as if fully set forth and incorporated herein.

30. Plaintiff Maoming Hongye performed under the contract by accepting Slade Gorton's purchase order no. 4500309006, shipping and delivering the frozen Tilapia ordered by Slade Gorton in purchase order to Slade Gorton in Boston. Slade Gorton accepted the frozen Tilapia.

31. Defendant Slade Gorton breached the contract under Articles 53, 54 and 59 of the CISG by failing to pay Maoming Hongye the purchase price of the frozen Tilapia for which it accepted delivery in Boston. The breach of contract was a fundamental breach within the meaning of the CISG.

32. As a result of Slade Gorton's breach of contract, Maoming Hongye has been damaged pursuant to Articles 59 and 74 of the CISG in the sum of $99,500.00 representing the commercial invoice value of order no. 4500309006, CNF Boston.

WHEREFORE, Plaintiff Maoming Hongye demands judgment for damages plus costs, prejudgment interest and whatever other relief the Court deems just and proper.

## COUNT IV

### Breach of Contract under the CISG
### Purchase Order no. 4500309007

33. Plaintiff realleges paragraphs 1-18, 20 and 21 above as if fully set forth and incorporated herein.

34. Plaintiff Maoming Hongye performed under the contract by accepting Slade Gorton's purchase order no. 4500309007, shipping and delivering the frozen Tilapia ordered by Slade Gorton in purchase order to Slade Gorton in Boston. Slade Gorton accepted the frozen Tilapia.

35. Defendant Slade Gorton breached the contract under Articles 53, 54 and 59 of the CISG by failing to pay Maoming Hongye the purchase price of the frozen Tilapia for which it accepted delivery in Boston. The breach of contract was a fundamental breach within the meaning of the CISG.

36. As a result of Slade Gorton's breach of contract, Maoming Hongye has been damaged pursuant to Articles 59 and 74 of the CISG in the sum of $99,630.00 representing the commercial invoice value of order no. 4500309007, CNF Boston.

WHEREFORE, Plaintiff Maoming Hongye demands judgment for damages plus costs, prejudgment interest and whatever other relief the Court deems just and proper.

## COUNT V

### Breach of Contract under the CISG
### Purchase Order no. 4500309680

37. Plaintiff realleges paragraphs 1-18, 20 and 21 above as if fully set forth and incorporated herein.

38. Plaintiff Maoming Hongye performed under the contract by accepting Slade Gorton's purchase order no. 4500309680, shipping and delivering the frozen Tilapia ordered by Slade Gorton in purchase order to Slade Gorton in Boston. Slade Gorton accepted the frozen Tilapia.

39. Defendant Slade Gorton breached the contract under Articles 53, 54 and 59 of the CISG by failing to pay Maoming Hongye the purchase price of the frozen Tilapia for which it accepted delivery in Boston. The breach of contract was a fundamental breach within the meaning of the CISG.

40. As a result of Slade Gorton's breach of contract, Maoming Hongye has been damaged pursuant to Articles 59 and 74 of the CISG in the sum of $99,920.00 representing the commercial invoice value of order no. 4500309680, CNF Boston.

WHEREFORE, Plaintiff Maoming Hongye demands judgment for damages plus costs, prejudgment interest and whatever other relief the Court deems just and proper.

Dated: September 28, 2025

          Respectfully submitted,

**ROMANOVKSY LAW OFFICES**

/s/ Gregory Romanovsky
Gregory Romanovsky, Esq.
12 Marshall Street
Boston, MA 02108
Ph: 617-787-0000
Email: gr@romanovskylaw.com
Local Counsel for Plaintiff

**BECERRA LAW, P.A.**

/s/Robert J. Becerra*
Robert J. Becerra, B.C.S.
Counsel for Plaintiff
2800 Ponce de Leon Blvd.
Suite 1400
Coral Gables, Florida 33134
Tel: 305-375-0112
E-mail: rbecerra@rjbecerralaw.com

**GUNSTER, YOAKLEY & STEWART P.A.**

/s/Peter Quinter*
Peter Quinter, B.C.S
Co-Counsel for Plaintiff
600 Brickell Ave Ste 3500
Miami, FL 33131-3090
Tel: 305-376-6016
Email: pquinter@gunster.com

**Pro Hac Vice* admission pending